# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 2, 2023

Lyle W. Cayce
Clerk

No. 18-30866

---

Ryan Haygood; Haygood Dental Care, L.L.C.,

*Plaintiffs—Appellants*,

*versus*

Ross H. Dies; Ross H. Dies J. Cody Cowen Benjamin A. Beach, A Professional Dental L.L.C.; Robert K. Hill; Hill DDS, Incorporated; Camp Morrison; C. Barry Ogden; Karen Moorhead; Dana Glorioso; H. O. Blackwood; Robert DDS, Incorporated,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:13-CV-335

---

Before Richman, *Chief Judge*, and Barksdale and Duncan, *Circuit Judges*.

Per Curiam:[*]

Ryan Haygood, a dentist, and Haygood Dental Care, L.L.C., his wholly-owned dental practice, sued several members of the Louisiana State

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 18-30866

Board of Dentistry (LSBD), individuals who assisted the LSBD in its proceedings, and certain of Haygood's competitors, asserting various state and federal claims for allegedly engaging in a conspiracy to deprive him of his dental license. The district court dismissed all of Haygood's claims, denied his motion for an extension of time to file a notice of appeal, and denied his Rule 60(b) motion to reconsider. We dismiss for lack of jurisdiction in part and affirm in part.

## I

Haygood began his dental practice in the Shreveport-Bossier City community. He aggressively advertised to attract patients. Haygood alleges that older dentists "frowned upon" the advertising campaign. Many of Haygood's new patients were former patients of his competitors. Some of these same dentists accused Haygood of misconduct. The dentists' accusations resulted in proceedings against Haygood before the LSBD, which revoked Haygood's dental license and imposed $173,000 in fines. Haygood challenged the LSBD's decision in state court and prevailed. The Louisiana Court of Appeal concluded that the LSBD violated "the Louisiana Administrative Procedure Act and Dr. Haygood's due process right to a neutral adjudicator and a fair hearing."[1]

Believing the LSBD proceedings were brought as part of a conspiracy to eliminate him as a competitor, Haygood sued LSBD members, and others, in state and federal court. Haygood first filed suit in Louisiana state court, alleging violations of the Louisiana Unfair Trade Practices and Consumer Protection Act (LUTPA).[2] Among the state court defendants were Ross

---

[1] *Haygood v. La. State Bd. of Dentistry*, 101 So. 3d 90, 92 (La. Ct. App. 4th Cir. 2012).

[2] La. Stat. Ann. §§ 51:1401-1430.

Dies, an independent expert witness for the LSBD and an economic competitor of Haygood, and Dies's dental business (the Dies Defendants).

Haygood also filed parallel proceedings in federal court that ultimately led to this appeal. Haygood and his wholly-owned dental practice sued four groups of defendants in federal court: H.O. Blackwood, the Hill Defendants,[3] the Ogden Defendants,[4] and the Dies Defendants.[5] These defendants were either a member of the LSBD, an economic competitor of Haygood, or both. Haygood also named Camp Morrison Investigations, LLC, a nonexistent entity that never appeared in the case, in his complaint. Haygood asserted numerous claims, including violations of the Sherman Act, LUTPA, state defamation laws, and the U.S. Constitution under 42 U.S.C. § 1983.

In state court, the Dies Defendants obtained summary judgment in their favor on Haygood's LUTPA claims. The Dies Defendants then filed a motion to dismiss the LUTPA claims in federal court on collateral estoppel grounds. Before the federal district court ruled on this motion to dismiss, the state trial court was reversed by a state court of appeal, which held that summary judgment was premature. The federal district court then denied the Dies Defendants' first motion to dismiss. The federal district court dismissed all of Haygood's claims against Blackwood, the Hill Defendants, and the Ogden Defendants piecemeal based on several 12(b)(6) motions to

---

[3] Robert K. Hill, DDS (an economic competitor of Haygood); Hill DDS, Incorporated (a limited liability company related to Hill's dental practice); and Robert DDS, Incorporated (same).

[4] C. Barry Ogden (executive director of the LSBD), Camp Morrison (investigator for the LSBD), Karen Moorhead (an unlicensed investigator hired by Morrison with the consent of the LSBD), and Dana Glorioso (same).

[5] Ross H. Dies (an independent expert witness for the LSBD and an economic competitor of Haygood) and Ross H. Dies, J. Cody Cowen, Benjamin A. Beach, a professional dental LLC (a limited liability company related to Dies's dental practice).

No. 18-30866

dismiss. In the Dies Defendants' third 12(b)(6) motion to dismiss, they successfully argued that Haygood's LUTPA claims should be dismissed because the Dies Defendants were protected by federal immunity under 42 U.S.C. § 11111. That statute grants immunity to individuals participating in professional peer-review groups, including state dental board proceedings.[6]

On February 22, 2018, when the federal district court granted the Dies Defendants' third 12(b)(6) motion to dismiss, it directed the clerk of the court to close the case. Haygood filed Rule 59(e) and Rule 60(b) motions on March 23, 2018. On June 27, 2018, Haygood filed a motion for extension of time to file a notice of appeal. The federal district court granted the extension and denied Haygood's Rule 59(e) and Rule 60(b) motions on July 10, 2018. The next day, the defendants filed a Rule 59(e) motion to reconsider the grant of the extension. On July 20, 2018, Haygood filed a notice of appeal specifying various rulings of the district court. Because of the pending timely Rule 59(e) motion by defendants, this notice of appeal was dormant until the defendants' Rule 59(e) motion was decided.[7] The federal district court granted the defendants' motion to reconsider on November 13, 2018 and reversed its prior ruling granting Haygood an extension of time to appeal. Three days later, Haygood filed a notice of appeal challenging the November 13, 2018 decision.

## II

We first evaluate our own jurisdiction over appeals from various rulings of the district court, namely: (1) the orders granting motions to dismiss filed by defendants; (2) the denial of Haygood's motion for extension

---

[6] 42 U.S.C. § 11111.

[7] *Burt v. Ware*, 14 F.3d 256, 258 (5th Cir. 1994) (per curiam); *see also* Fed. R. App. P. 4(a)(4).

No. 18-30866

of time to file a notice of appeal; and (3) the denial of Haygood's Rule 60(b) motion to reconsider.

As to the appeal from orders granting motions to dismiss, we conclude we lack jurisdiction because Haygood's notice of appeal was untimely. The district court entered a valid final judgment on February 22, 2018. Haygood did not file a notice of appeal within 30 days of this final judgment as required by statute.[8] Because his Rule 59(e) and Rule 60(b) motions were not filed within 28 days of final judgment, they did not toll this 30-day deadline.[9] The district court also declined to extend this deadline by denying Haygood's motion for extension of time to file a notice of appeal.[10]

Haygood argues there is no final judgment in this case because claims against Camp Morrison Investigations, LLC are still pending in the district court. However, Camp Morrison Investigations, LLC is a nonexistent entity, as supplemental submissions by the parties to this appeal confirm. Although "Camp Morrison Investigations, LLC" was purportedly served with process twice by leaving summonses at a particular address, no appearance was made on behalf of such an entity. Camp Morrison, an individual named as a defendant, was served, did appear, and did file a motion to dismiss that was granted. No motion to dismiss was filed on behalf of, or granted in favor of, Camp Morrison Investigations, LLC.

---

[8] 28 U.S.C. § 2107(a); *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 20 (2017) ("If a time prescription governing the transfer of adjudicatory authority from one Article III court to another appears in a statute, the limitation is jurisdictional . . . ." (citations omitted)).

[9] *See* Fed. R. App. P. 4(a); *see also* Fed. R. Civ. P. 59.

[10] *See* 28 U.S.C. § 2107(c).

No. 18-30866

On April 1, 2014, after motions to dismiss some but not all defendants had been granted, the parties filed a joint status report which reflected

> the parties have conferred and believe that plaintiffs' sole remaining claim not dismissed by the court's various Memorandum Rulings are the claims asserted against Dr. Dies under the Louisiana Unfair and Deceptive Trade Practices Act, La. R.S. 51:1401, et seq., and the claims alleged against the LSBD board members, addressed below.

No explanation was provided as to why claims against "Camp Morrison, LLC" were no longer extant. There was never any mention in the district court of Camp Morrison Investigations, Inc. (as opposed to an LLC).

In the very first brief Haygood filed in our court, the Rule 28.2.1 Certificate of Interested Persons reflects that Haygood identified two distinct entities: Camp Morrison Investigations, LLC and Camp Morrison Investigations, Inc. The former is identified as a defendant in the district court but is not listed by Haygood (or anyone else) as an appellee in this court. The latter, Camp Morrison Investigations, Inc., is described as an entity that "[is] not, nor ha[s] ever been [a] part[y] in this litigation [but] may also have an interest in the outcome of this litigation." This reflects that Haygood was not confusing Camp Morrison Investigations, LLC with Camp Morrison Investigations, Inc. and that the Haygood entities did not think that they had sued or attempted to sue Camp Morrison Investigations, Inc. in the district court. Similarly, Haygood's motion to dismiss this appeal, and supplemental briefing, aver that Camp Morrison Investigations, Inc. "[is] not, nor ha[s] ever been [a] part[y] in this litigation [but] may also have an interest in the outcome of this litigation."

This makes abundantly clear that in naming Camp Morrison Investigations, LLC as a party in the district court and serving "Camp Morrison Investigations, LLC," the Haygood parties did not intend to sue

No. 18-30866

and did not think they were suing "Camp Morrison Investigations, Inc." Haygood has not claimed there is a misnomer, and Haygood continues to insist that claims against "Camp Morrison Investigations, LLC" remain pending in the district court, even though such an entity does not exist. What, then, is the consequence of suing and attempting to serve a nonexistent entity?

Service of process on a nonexistent entity is void.[11]  Relatedly, when "only unserved, nonappearing defendants remain[] undisposed of at the time" a district court grants a motion to dismiss disposing of all remaining claims, that judgment is the final judgment from which the losing party must timely appeal.[12]  No claims against Camp Morrison Investigations, LLC remain before the district court because there is no such entity.  Haygood did not seek to make Camp Morrison Investigations, Inc. a party in the district court.  A final judgment occurred on February 22, 2018, because all claims before the district court had been resolved as of that date.  We lack jurisdiction over the attempted appeal of that judgment and orders of the district court that preceded it.

In an attempt to salvage the appeal from the February 22, 2018 judgment and preceding orders, Haygood argues that his Rule 59(e) motion tolled the time he had to file his notice of appeal.  According to Haygood, his

---

[11] *See* Fed. R. Civ. P. 4; *see also Carr v. Spherion*, No. CIV.A. 08-0326, 2009 WL 3380007, at *3 (W.D. La. Oct. 19, 2009) ("Of course, process directed at a non-existent entity is void." (citing *Int'l Fire & Safety, Inc. v. HC Servs., Inc.*, No. CIV A 206CV63KS-MTP, 2006 WL 2403496, at *1 (S.D. Miss. Aug. 18, 2006))).

[12] *Fed. Sav. & Loan Ins. Corp. v. Tullos-Pierremont*, 894 F.2d 1469, 1476 (5th Cir. 1990); *see also Flagg v. Stryker Corp.*, 647 F. App'x 314, 315 n.1 (5th Cir. 2016) (per curiam) (unpublished) ("A judgment of dismissal is final and appealable under 28 U.S.C. § 1291 even if it does not dispose of claims made against a party that has neither been served nor appeared before the court.").

No. 18-30866

Rule 59(e) motion was timely because he is entitled to equitable considerations. But he forfeited this argument by not asserting it when he filed his Rule 59(e) motion before the district court.

This court does have jurisdiction over the district court's denial of (1) an extension of time to file a notice of appeal,[13] and (2) Haygood's Rule 60(b) motion to reconsider the Dies Defendants' third motion to dismiss.[14] Haygood filed the notices of appeal within 30 days of the district court's denial of each motion.

## III

We review a district court's denial of an extension of time to file a notice of appeal for abuse of discretion.[15] Here, under 28 U.S.C. § 2107(c), Haygood had until April 25, 2018 to file a motion for extension of time to file a notice of appeal. Haygood did not file the motion until June 27, 2018, more than two months after the statutorily imposed time limit had expired. Given that the district court was statutorily barred from granting the extension, the district court did not abuse its discretion when it denied the extension.

## IV

Haygood contends that the district court erred in denying his Rule 60(b) motion to reconsider. We review a district court's denial of a motion to reconsider for abuse of discretion.[16]    "[R]elief under Rule 60(b) is

---

[13] It was denied on November 13, 2018, and the notice of appeal was filed on November 16, 2018.

[14] It was denied on July 10, 2018, and the notice of appeal was filed on July 20, 2018.

[15] *See Midwest Emps. Cas. Co. v. Williams*, 161 F.3d 877, 879 (5th Cir. 1998).

[16] *Travelers Prop. Cas. Corp. v. Pendergraft*, 196 F.3d 1257, 1257 (5th Cir. 1999) (per curiam) (unpublished); *Alvestad v. Monsanto Co.*, 671 F.2d 908, 912 (5th Cir. 1982) (citing *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981)).

considered an extraordinary remedy,"[17] and the "desire for a judicial process that is predictable mandates caution in reopening judgments."[18] We have generally held that district courts can, without abusing their discretion, deny Rule 60(b) motions based on mistakes of law.[19] We have said that "[e]ven if the trial court had misapplied an incorrect legal standard[,] . . . the proper way to challenge its ruling in the court of appeals is by appeal of its ruling, not by appeal of a denial of a Rule 60(b) motion."[20] Nevertheless, a district court abuses its discretion when its failure to grant a Rule 60(b) motion serves only to "wast[e] appellate resources on the perfunctory correction of 'obvious errors of law.'"[21]

Here, Haygood asked the district court to reconsider its grant of the Dies Defendants' third motion to dismiss, which dismissed the LUTPA claims against the Dies Defendants. Haygood's motion primarily rested on four grounds.[22] As outlined below, all four grounds involve questions of law. Insofar as the district court might have erred in deciding any of those questions, those errors were not "obvious." Therefore, we affirm the district court's denial of Haygood's Rule 60(b) motion to reconsider.

---

[17] *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998).

[18] *Id.* (quoting *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990)).

[19] *See, e.g.*, *Alvestad*, 671 F.2d at 912.

[20] *Id.* (internal quotation marks omitted) (quoting *Gary W. v. Louisiana*, 622 F.2d 804, 805 (5th Cir. 1980)).

[21] *See id.* at 913 (quoting *Fackelman v. Bell*, 564 F.2d 734, 736 (5th Cir. 1977)).

[22] Although there were other grounds relating to supplementing the record with occurrences in parallel proceedings in state court, Haygood does not mention these in his brief on appeal.

No. 18-30866

## A

Haygood first alleges that the district court erred when it granted the Dies Defendants' third motion to dismiss[23] "despite previously denying the Dies Appellees' first Motion to Dismiss the LUTPA claims 'with prejudice.'" But he forfeited this argument by raising it for the first time in his motion to reconsider with the district court.[24] Moreover, Haygood does not present the kind of extraordinary circumstances that would cause us to consider his argument.[25]

## B

Haygood next argues the district court erred in not giving preclusive effect to the Louisiana Court of Appeal's judgment in *Haygood v. Dies*.[26] Under 28 U.S.C. § 1738, a federal court must "give state court judgments the same preclusive effect they would have in another court of the same state."[27] In Louisiana, "[c]ollateral estoppel 'means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future

---

[23] Subsequent Rule 12 motions are allowed if they are based on a defense or on the complaint not stating a claim for which relief can be granted. *See Doe v. Columbia-Brazoria Indep. Sch. Dist. by & through Bd. of Trs.*, 855 F.3d 681, 686 (5th Cir. 2017); *see also* FED. R. CIV. P. 12(g)(2), 12(h)(2).

[24] *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999) (per curiam) ("[G]enerally speaking, we will not consider an issue raised for the first time in a Motion for Reconsideration.").

[25] *Id.* at 342.

[26] *Haygood v. Dies*, 127 So. 3d 1008, 1015 (La. Ct. App. 2d Cir. 2013).

[27] *Richardson v. Wells Fargo Bank, N.A.*, 839 F.3d 442, 449 (5th Cir. 2016) (quoting *In re Lease Oil Antitrust Litig. (No. II)*, 200 F.3d 317, 320 (5th Cir. 2000)).

No. 18-30866

lawsuit.'"[28]  The denial of summary judgment is not a final judgment that can give rise to preclusion.[29]

Here, the Louisiana Court of Appeals reversed a dismissal of Haygood's state court suit on a motion for summary judgment.  This denial could not give rise to preclusion under Louisiana law,[30] and thus could not collaterally estop the district court.  To the extent that the Louisiana state court's decision was persuasive authority under the *Erie* doctrine,[31] the state court ruling made no determinations on immunity, the main reason for dismissing Haygood's LUTPA claims against the Dies Defendants.[32] Therefore, the district court did not commit an obvious error of law in rejecting this argument.

## C

Haygood next alleges that "the [d]istrict [c]ourt failed to apply the applicable immunity statute and related jurisprudence . . . and instead discussed immunity under La. R.S. 37:931 and 42 U.S.C. [§ 11111] *et seq.*" But Haygood forfeited this argument.  Despite Haygood's contentions to the contrary, Haygood did not directly address the topic of immunity under the Healthcare Quality Improvement Act (HCQIA), 42 U.S.C. § 11111, in his

---

[28] *Quatrevingt v. State through Landry*, 242 So. 3d 625, 639 (La. Ct. App. 1st Cir. 2018) (quoting *State v. Cotton*, 778 So. 2d 569, 573 (La. 2001)); *see also* La. Stat. Ann. § 13:4231.

[29] *Keesler Fed. Credit Union v. Rivero*, 153 So. 3d 1218, 1222 (La. Ct. App. 1st Cir. 2014).

[30] *Id.* at 1222.

[31] The *Erie* doctrine states that federal courts sitting in diversity generally must apply the law of the state in which they sit.  *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938).

[32] *See Haygood v. Dies*, 127 So. 3d 1008, 1015 (La. Ct. App. 2d Cir. 2013).

No. 18-30866

opposition to the Dies Defendants' third motion to dismiss. We thus reject this argument.[33]

## D

Finally, Haygood argues that the district court did not fairly credit his allegations against the Dies Defendants when addressing whether the Dies Defendants were entitled to immunity. Specifically, Haygood takes issue with the district court's conclusion that all of Dies's alleged actions were part of a professional peer-review process and thereby entitled to federal immunity under the HCQIA. To the extent the district court did make this conclusion, Haygood seems to have invited this error. Haygood's complaint explicitly states that Dies "served as an 'independent' expert for the Board at all times pertinent herein." An independent expert for a state dental board is generally a participant in a professional peer-review process and is thus generally entitled to immunity under the HCQIA.[34] Therefore, the district court did not commit an obvious error of law when it fully credited Haygood's own assertion.

\*      \*      \*

For the foregoing reasons, we AFFIRM the district court's orders on Haygood's Rule 60(b) motion and on Haygood's motion for an extension of time to file a notice of appeal, and we DISMISS for lack of jurisdiction the remainder of Haygood's appeal.

---

[33] *See United States v. Gentry*, 941 F.3d 767, 791 (5th Cir. 2019); *see also Monteon-Camargo v. Barr*, 918 F.3d 423, 428 (5th Cir. 2019).

[34] *See* 42 U.S.C. §§ 11111, 11112.